**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20910**
**Summary Calendar**

_____

**EUGENE E. SHANKS, SR.; ET AL.,**

**Plaintiffs,**

**EUGENE E. SHANKS, SR.; FLITELINE MAINTENANCE INCORPORATED,**

**Plaintiffs-Appellants,**

**versus**

**JAMES H. MAHON; ET AL.,**

**Defendants,**

**JAMES H. MAHON; RAY O. WALL; JACK L. WEST,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-98-CV-2048)**

_____
June 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eugene E. Shanks and Fliteline Maintenance, Inc., appeal the summary judgment awarded defendants (qualified immunity). We

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review *de novo*. FED. R. CIV. P. 56(c); **Hale v. Townley**, 45 F.3d 914, 917 (5th Cir. 1995).

Although it appears Plaintiffs have waived this issue by failing to brief it, *see* **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993), the district court did not err in concluding that the allegations of malicious prosecution did not establish a constitutional violation because the underlying criminal proceeding did not terminate in Eugene Shanks' favor (pleaded guilty). **Evans v. Ball**, 168 F.3d 856, 863 & n.10 (5th Cir. 1999) ("A **Bivens** action is analogous to an action under § 1983 - the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"; "a plaintiff attempting to base a **Bivens** claim on a prosecution unsupported by probable cause must establish all the elements of malicious prosecution, including termination of the prosecution in his favor"); *see also* **Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994); **Brandley v. Keeshan**, 64 F.3d 196, 199 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996).

In the light of this disposition of the appeal, we need not address the district court's alternative basis for awarding summary judgment.

**AFFIRMED**